UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JUAN McGEE,

      Plaintiff,

      07-3266

CAROL L. ADAMS, et al.,

      Defendants.

### **Order**

    The plaintiff is being detained at Rushville Treatment and Detention Center, pending an adjudication of whether he should be committed as a sexually violent person under 725 ILCS 207/1 *et seq*. He has filed this lawsuit, along with a petition to proceed in forma pauperis.

    The Prison Litigation Reform Act arguably does not apply to Plaintiff, as he is presumably not "accused of, sentenced for, or adjudicated delinquent for, violations of criminal law." *See* 28 U.S.C. § 1915(h); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004). However, the court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Additionally, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

    The plaintiff challenges his placement with individuals who have already been adjudicated as sexually violent, asserting that Illinois law and due process require him to be housed separately until he has his day in court. The plaintiff also alleges that he has "received numerous disciplinary reports resulting in punishment and being placed in solitary confinement, and the confiscation of personal property." He asserts that he cannot be punished because he is a pretrial detainee, not yet convicted as being a sexually dangerous person. The plaintiff asserts that the facilities' rules and regulations do not apply to him because he has not yet been adjudged a sexually violent person. The plaintiff asserts he has the same rights as a free citizen, which include an "absolute right to purchase and have property."

    The plaintiff also alleges that his property was confiscated (radio, t.v., cassettes, c.d. player, dvd's and vcr tapes). Defendant Jumper allegedly told the plaintiff the property would be returned only when the plaintiff signed a consent to treatment and group therapy. The plaintiff

1

says that thiis consent is essentially an admission that the signer is a sexually violent person. Signing it, he believes, will prejudice his ability to defend himself in the pending adjudication hearing. The plaintiff asserts that disciplinary reports, segregation, and punishment are meted out to those who do not sign the consent form.

The claim regarding pressure to sign the consent form by eliminating privileges is the same claim made by the plaintiff in his Northern District case, *McGee v. Monahan*, 06-3538 (N.D. Ill), only a different setting (Rushville, rather than Joliet). On September 14, 2007, Judge Zagel dismissed for failure to state a claim the plaintiff's challenges regarding the consent form. (Judge Zagel's 9/14/07 order p. 3-4, 5-6). *See also Moore v. Monahan*, 3008 Wl 11299 *7 (N.D. Ill. 2008)(same). The plaintiff's case in this court was filed 14 days later, making the same challenge. To the extent the challenge is not barred by *res judicata*, the court agrees with Judge Zagel that the plaintiff fails to state a claim regarding the consent to treatment form.

Similarly, the discipline without due process claim is already proceeding in the Northern District case, it appears, based upon a review of the summary judgment motions pending in that action. (Judge Zagel's 9/14/07 order pp. 8-11; Liberty Healthcare's motion for summary judgment, d/e 115, pp. 13-14). To the extent that the plaintiff is challenging discipline he received after he was moved to Rushville, it is not unconstitutional to house him subject to the same rules as those already adjudicated as sexually violent *See Allison v, Snyder*, 332 F.3d 1076 (7th Cir. 2003). Accordingly, the plaintiff states no constitutional claim regarding the application of the detention center's rules to him. The plaintiff's also states no federal claim regarding his housing with others who have already been adjudicated as sexually violent. *Young v. Monahan*, 2008 WL 182244 * 2 (N.D. Ill. 2008)("co-mingling" of SVPA detainee before commitment with committed persons failed to state claim under § 1983).

Accordingly, for the reasons above the plaintiff's petition to proceed *in forma pauperis* is denied (d/e 2). All pending motions are denied as moot and this case is closed.

Entered this 12th Day of March, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE